UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN W. DAMMERS and
JUDITH I. DAMMERS

                      Plaintiff,

-against-

WELLS FARGO BANK, N.A.,

                      Defendant.

---

OPINION AND ORDER

17-CV-02560 (NSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2018

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Steven W. Dammers ("S. Dammers") and Judith I. Dammers ("J. Dammers") (collectively "Plaintiffs") commenced this action in the New York State Supreme Court, Westchester County, by filing a Motion for Summary Judgment in lieu of a complaint, pursuant to C.P.L.R. § 3213, seeking recovery of monies alleged owed on two Certificates of Deposit ("CD"). Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), removed the action from state court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant also filed its opposition to Plaintiff's Motion for Summary Judgment. For the following reasons, Plaintiffs' motion is DENIED.

## STANDARD OF REVIEW

C.P.L.R. § 3213 provides, in relevant part, that a Plaintiff may commence an action based upon an instrument for the payment of money only or upon any judgment by serving with the summons a notice of Motion for Summary Judgment and the supporting papers in lieu of a complaint. C.P.L.R. § 3213 is intended to be a streamlined procedure, combining pleading and motion practice in one step, prior to joinder of issue, under limited circumstances. *See Weissman*

1

*v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 443, 646 N.Y.S.2d 308, 669 N.E.2d 242 (1996); *see also Interman Indus. Prod., Ltd. v. R.S.M. Electron Power, Inc.*, 37 N.Y.2d 151, 154, 371 N.Y.S.2d 675, 332 N.E.2d 859 (1975) ("[§] 3213 is intended to provide a speedy and effective means of securing a judgment on claims presumptively meritorious"). For a document to come within the confines of C.P.L.R. § 3213 it must be clear from the instrument that there exists an unconditional obligation to make payment of the nature that "a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms." *Interman Industrial Products*, 37 N.Y.2d at 155 (*citing Seaman-Andwall Corp. v. Wright Mach. Corp.*, 295 N.Y.S.2d 752, 31 A.D.2d 136 (1st Dept. 1968), *affd* 29 N.Y.2d 617, 324 N.Y.S.2d 410, 273 N.E.2d 138 (1968)); *see also Nordea Bank Finland, PLC, v Holten*, 923 N.Y.S.2d 464, 84 A.D.3d 589 (1st Dept. 2011). A document or instrument does not qualify under C.P.L.R. § 3213 "if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document." *Weissman*, 88 N.Y.2d at 444.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. The rule states in pertinent part:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine dispute or issue of material fact by pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett* 477 U.S. 317, 323 (1986). Once the moving party has fulfilled its preliminary burden,

the onus shifts to the nonmoving party to raise the existence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

Under New York law, a written negotiable instrument is created where: (1) the instrument is signed by the maker; (2) it contains an unconditional promise or order to pay a sum certain; (3) it is payable on demand or at a definite time; and (4) it is payable to order or to bearer. N.Y.U.C.C. § 3-104(1) (a)–(d). "The computation [of payment] must be one which can be made from the instrument itself without reference to any outside source." U.C.C. § 3-106, Comment 1. The use of parol evidence is impermissible to contradict the unambiguous terms of the instrument. *Shron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436, 963 N.Y.S.2d 613, 986 N.E.2d 430 (2013); *Hogan & Co. v. Saturn Mgmt., Inc.*, 433 N.Y.S.2d 168, 78 A.D.2d 837 (1st Dept. 1980).

A promissory note is a type of instrument containing an unequivocal and unconditional obligation to repay the lender, executed by the Defendant. *Lugli v. Johnston*, 912 N.Y.S.2d 108, 78 A.D.3d 1133, 1135 (2d Dept. 2010); *see also Gullery v. Imburgio*, 905 N.Y.S.2d 221, 74 A.D.3d 1022 (2d Dept. 1996). "'To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant and the failure of the defendant to pay in

3

accordance with the note's terms'" *Hansraj v. Sukhu*, 43 N.Y.S.3d 127, 145 A.D.3d 755, 755–56 (2d Dept. 2016) (*citing Nunez v. Channel Grocery & Deli Corp.*, 998 N.Y.S.2d 663, 124 A.D.3d 734, 734–735 (2d Dept. 2015)). Once plaintiff submits evidence establishing these elements, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense. *See Jin Sheng He v. Sing Huei Chang*, 921 N.Y.S.2d 128, 83 A.D.3d 788, 789 (2d Dept. 2011).

## DISCUSSION

Plaintiffs assert they are entitled to summary judgment as a matter of law. Plaintiffs aver they are the holders in due course of two $100,000.00 CDs which are payable upon presentment. (Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint ¶ 1 ("Pl. Mot. Summ. J."), ECF Doc. No. 1.) The CD ending in number 0929 is held jointly by Plaintiffs (Aff. of Steven W. Dammers in Supp. of Mot. for Summ. J. in Lieu of Compl. ¶ 9 ("Aff. of S. Dammers"), ECF Doc. No. 1) and the CD ending in number 0921 is held solely by S. Dammers. (*Id.* ¶ 10.) Plaintiffs opened the CD accounts with First Union National Bank ("First Union") on December 6, 1999. (*Id.* ¶ 11.) Wells Fargo is First Union's successor. (Def. Mem. of Law in Opp. to Pl. Mot. for Summ. J. 2 ("Def. Opp."), ECF Doc. No. 12; Pl. Mot. Summ. J. ¶ 1.) Plaintiffs aver that soon after opening the accounts, they placed the CDs in a safe deposit box where they remained until December 11, 2015. (Pl. Mot. Summ. J. ¶¶ 1–2.) On December 11, 2015, Plaintiffs presented the CDs to Defendant for payment in full, inclusive of interest. (*Id.* ¶ 2.) Despite presentment to the Bank, Defendant refused to redeem them. Lastly, Plaintiffs aver the accounts were never closed nor did they previously attempt to redeem the CDs. (*Id.* ¶ 7; Aff. of S. Dammers ¶ 23.)

4

In further support of their motion, Plaintiffs submits two documents showing the CDs which issued by First Union. The documents contain, in relevant part, an acknowledgment of a deposited amount ($100,000.00 each)[1], an opening date for each (December 6, 1999), an account number, the depositor's names (Both S. and J. Dammers), the signature of a First Union representative, an interest rate per annum, an interest payment frequency period (monthly), a maturity rate (January 6, 2001) and an indication that each certificate was subject to automatic renewal. Conspicuously missing from the documents is any language even remotely evincing an unconditional obligation to pay. Thus, Plaintiff has failed to make a prima facie showing of entitlement to the relief sought.

Though no further discussion is required, the Court notes that had Plaintiffs met their burden, Defendant's submission in opposition to the Motion for Summary Judgment would have raised a material issue of fact. Defendant asserts that the CDs do not, as suggested by Plaintiffs, bear instruments payable upon presentment, but are merely receipts for Time Deposit accounts. (Def. Opp., at 1.) In support for their contention, Defendant relies on the clear and unequivocal language contained on the face of the CD which refers to the document as a "Receipt."

Defendant also submits the declaration of Benita Sheffield ("Sheffield"), a litigation support specialist for Wells Fargo, who was formerly employed by First Union as a Client Operations Manager and who continued her employment with Wells Fargo thereafter. (*See id.*) Sheffield avers she is familiar with the policies and procedures for opening First Union Time Deposit accounts and the record keeping system for managing such accounts. (Def. Opp., Ex. 2. (Decl. of Benita Sheffield ¶ 3 ("Sheffield Decl.")).) She further avers that a holder of a Time Deposit account is paid the amount due on the initial or any subsequent maturity date upon

---

[1] Specifically, the CD provides "This Receipt Acknowledges That The Depositor Named Below Has Deposited With This Bank The Sum Of $100,000.00."

5

signing a receipt form (for accounts with no certificate issued) at any branch office. (*Id.* ¶ 7.) After reviewing the CDs presented by Plaintiffs, Sheffield avers that the documents, which were generated in the Chappaqua, NY branch, are "customer receipts." (*Id.* ¶ 8.)

In further support, Defendant submits the declaration of Katherine Salazar ("Salazar"), an assistant Vice President for Wells Fargo. (Def. Opp., Ex. 1. (Decl. of Katherine Salazar ¶ 1 ("Salazar Decl.")).) Salazar avers that she is familiar with the records and record keeping methods and polices of First Union and Wells Fargo. (*Id.* ¶¶ 2, 4.) As a general rule, Wells Fargo retains copies of account records for seven years from the date those records are generated. (*Id.* ¶ 5.) Salazar avers that two years after an account is closed, electronic records of transactions may be purged from the bank's system, but the purging may take up to three years. (*Id.* ¶ 6.) She further avers the bank has policies and procedures in place to ensure that "no open accounts are incorrectly marked 'closed'" and that documents and statements related to an open account are not prematurely deleted. (*Id.* ¶ 7.)

Lastly, Salazar avers that the bank has policies and procedures for accurately reporting interest on interest bearing accounts to the Internal Revenue Service ("IRS") and to account holders. (*Id.* ¶ 8.) According to bank records, the Time Deposit Accounts referenced by Plaintiffs were closed in 2003 or 2004 (*Id* ¶ 10), purged from the bank system in 2006 (*Id.*), and no annual interest statements for the accounts have been generated in the past seven years. (*Id.* ¶ 12.) Bank records, however, reflect that in March 2003, Plaintiff opened three savings accounts with deposits of $250,000.00, $100,000.00 and $31,292.44. (*Id.* ¶ 11.) The evidence proffered suggests that Plaintiffs' accounts were closed or redeemed in 2003 or 2004. Taken together, the Defendant's submissions would have raised a material issue of fact.

6

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED in its entirety. Defendants are directed to file an answer by January 23, 2018. Counsel for all parties are further directed to appear for an initial case management and scheduling conference with the Court pursuant to Federal Rules of Civil Procedure 16 on March 8, 2018, at 12:30 PM in Courtroom 218 of the Charles L. Brieant, Jr. Courthouse, 300 Quarropas Street, White Plains, New York 10601. The parties shall confer in accordance with Federal Rules Civil Procedure 26(f) at least 21 days prior to the conference and attempt in good faith to agree upon a proposed discovery plan that will ensure trial readiness within six months of the conference date. The parties shall also complete a Civil Case Discovery Plan and Scheduling Order in advance of the conference. The Clerk of the Court is respectfully directed to terminate the motion at Docket Number 1.

Dated: January 2, 2018
White Plains, New York

SO ORDERED:

NELSON S. ROMAN
United States District Judge